UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHRISTOPHER C. MUELLER, | Case No. 3:22-cv-00785-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| OFFICER MACK *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Christopher Mueller ("Plaintiff") filed this action (ECF No. 2) alleging civil rights violations under 42 U.S.C. § 1983 against Deer Ridge Correctional Institute Superintendent Zack Ackley, Officer Mack, Officer Stout, Sgt. French, Dr. Beamer, and Health

Page 1 — OPINION AND ORDER

Services TLC members John and Jane Doe (collectively, "Defendants") on May 31, 2022. Defendants filed a Motion for Summary Judgment on May 30, 2023. ECF No. 24. For the reasons below, Defendants' Motion for Summary Judgment is granted.

## BACKGROUND

At all relevant times, Plaintiff was an adult in custody of the Oregon Department of Corrections. Compl., ECF No. 2. Plaintiff's first Amended Complaint ("FAC") alleges that when he arrived at Deer Ridge Correctional Institution ("DRCI"), he requested a bottom bunk from Defendant Officer Mack, explaining that his prescription medications caused drowsiness, dizziness, lightheadedness, and disorientation. FAC at 4, ECF No. 8. Officer Mack refused to move Plaintiff to a lower bunk and refused Plaintiff's request to contact health services on Plaintiff's behalf to discuss or seek assistance. *Id.*

Plaintiff alleges that he next requested a bottom bunk from Defendant Officer Stout and requested that Officer Stout contact health services for assistance. *Id.* Officer Stout also denied Plaintiff's requests, and on or about April 1, 2021, Plaintiff fell from the ladder of his assigned top bunk and twisted his right knee. FAC at 5. Plaintiff submitted a health request form one week later, on April 8. Roberts Dec. ¶ 6, ECF No. 25. Plaintiff was examined by Dr. Beamer on April 9, 2021, who ordered an x-ray of Plaintiff's knee, prescribed anti-inflammatory medications, and scheduled a follow up appointment. *Id.* at ¶ 8. An x-ray of Plaintiff's knee, taken on April 10, 2021, indicated that Plaintiff had not suffered from acute fracture or significant arthropathy, but did show signs of probable joint effusion. Roberts Dec. ¶ 8. Plaintiff was scheduled for knee surgery in October, but that surgery was rescheduled at Plaintiff's request and then set over because of COVID restrictions. Roberts Dec. ¶¶ 17-18, 20-21. Plaintiff underwent knee surgery with an outside specialist in February 2022, and was provided with pain medication and follow-

up care within DCRI. Plaintiff alleges that because his surgery was delayed, his injury worsened, causing a second fall, and causing him to develop arthritis. FAC at 5.

Plaintiff brought this action against all Defendants on May 31, 2022, alleging violations of his Eighth Amendment rights. *See* Compl. Plaintiff's first claim for relief alleges that Defendants' denial of requests for a lower bunk constituted deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. FAC at 4. Plaintiff's second and third claims allege that, following his initial knee injury, Defendants delayed provision of medical care and treatment resulting in further harm, also in violation of Plaintiff's Eighth Amendment rights. *Id.* at 5.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved

against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Defendants argue that they are entitled to summary judgment on all of Plaintiff's claims because (1) Plaintiff cannot prove that any Defendant showed deliberate indifference to his serious medical needs in violation of the Eighth Amendment; and (2) Defendants are entitled to qualified immunity. Because there is no evidence in the record that could support an inference that Defendants violated Plaintiff's rights under the Eighth Amendment, Defendants' motion is granted.

### I.     Deliberate Indifference Claims

Defendants first argue that summary judgment is appropriate because Plaintiff cannot prove that any Defendant showed deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Under the Eighth Amendment, the government has an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). Failure to meet that obligation – that is, deliberate indifference to an individual's serious medical needs – can constitute a violation of the Eighth Amendment's proscription against cruel and unusual punishment that is cognizable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 103. To establish an Eighth Amendment claim, a plaintiff must show that (1) he had a serious medical need, and (2) deliberate indifference to that need by defendants. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled in part on other grounds, *WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997)). A medical need is serious if the failure to treat the AIC's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id*. at 1059 (quoting *Estelle*, 429 U.S. at 104).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference may be satisfied by showing: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059). Deliberate indifference is a high legal standard, and even a showing of medical malpractice or negligence is not sufficient to establish a violation of the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff's FAC alleges that Defendants were deliberately indifferent to his serious medical needs because they (1) failed to assign him a lower bunk on his arrival to DRCI; and (2) failed to provide adequate medical care after Plaintiff sustained a knee injury. As discussed below, there is no factual record before the Court to support these allegations.

**1. Failure to Assign a Lower Bunk**

Plaintiff's Amended Complaint alleges that Defendants were deliberately indifferent to his serious medical needs because they failed to assign him a lower bunk. Without more, however, Plaintiff's allegation that his request for a bottom bunk was denied does not create an inference that Defendants were aware Plaintiff faced a serious risk of harm from being placed on an upper bunk and were deliberately indifferent to that risk. There is no written record of a request for a lower bunk restriction prior to Plaintiff's injury. Roberts Dec. ¶ 37. Further, Plaintiff has not submitted any evidence, such as an affidavit, to substantiate his allegations. There is no genuine issue of material fact as to whether Defendants acted with deliberate

indifference towards Plaintiff's serious medical needs when they denied Plaintiff's alleged request for a bottom bunk. Defendants' motion for summary judgment as to Plaintiff's first claim is granted. *See Celotex Corp.*, 477 U.S. at 323.

### 2. Failure to Provide Adequate Medical Care

Plaintiff also alleges that Defendants Dr. Beamer and two unnamed Health Services TLC members were deliberately indifferent to his serious medical needs because he failed to provide adequate medical care for Plaintiff's knee injury. However, the record shows that Plaintiff received timely and appropriate medical care for his injury. Roberts Dec. ¶ 37, ECF No. 25. For example, Dr. Beamer examined Plaintiff on April 9, 2021, one day after Plaintiff reported that he had injured his right knee. *Id.* at 7. On April 10, 2021, Plaintiff underwent an x-ray, which revealed signs of probable joint effusion, but no acute fracture or significant arthropathy. Roberts Dec. ¶ 8. Dr. Beamer reviewed the x-ray results with Plaintiff at a follow-up appointment and noted that Plaintiff needed a MRI or orthopedic consult. Roberts Dec. ¶ 9.

The Therapeutic Level of Care Committee ("TLC") approved a MRI on April 27, 2021, which was ultimately conducted on May 14, 2021. Roberts Dec. ¶¶ 10-11. The MRI showed a complex tear in Plaintiff's meniscus. Roberts Dec. ¶ 11. TLC approved an outside orthopedic consult on May 24, 2021. Roberts Dec. ¶ 12. On July 21, 2021, Plaintiff underwent an orthopedic consult with an outside medical provider, who noted that Plaintiff did not have advanced arthritic features and recommend surgical intervention. Roberts Dec. ¶ 14.

After a pre-operation appointment with the orthopedic surgeon on October 4, 2021, Plaintiff's surgery was rescheduled, at Plaintiff's request, to December 30, 2021. Roberts Dec. ¶ 17. Plaintiff's December 30, 2021, surgery was cancelled by the surgery center because of COVID-19 protocols. *Id.* at ¶ 18. Plaintiff's surgery was rescheduled on February 24, 2022, and

performed on March 2, 2022. Roberts Dec. ¶¶ 20-21. Plaintiff received consistent rehabilitative care following surgery. *Id.* Because this record cannot support an inference that any Defendant acted with deliberate indifference to Plaintiff's serious medical needs, and Plaintiff has provided no evidence to the contrary, Defendant's motion for summary judgment on Plaintiff's remaining two claims is granted.

## CONCLUSION

For the reasons above, Defendants' motion for summary judgment (ECF No. 24) is GRANTED.

IT IS SO ORDERED.

DATED this <u>6th</u> day of February 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
