UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTOPHER C. MUELLER,

Plaintiff,

vs.

OFFICER MS. MACK; OFFICER MR. STOUT; SGT. FRENCH; SUPERINTENDENT ZACH ACKLEY; DR. BEAMER; and HEALTH SERVICES TLC COMMITTEE MEMBERS JOHN DOE JANE DOE,

Defendants.

Case No. 3:22-cv-00785-MK

**OPINION & ORDER**

---

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Christopher Mueller ("Plaintiff") filed this action (ECF No. 2) alleging civil rights violations under 42 U.S.C. § 1983 against Deer Ridge Correctional Institute

Superintendent Zach Ackley, Officer Mack, Officer Stout, Sgt. French, Dr. Beamer, and Health Services TLC members John and Jane Doe (collectively, "Defendants") on May 31, 2022.

Before the Court are (1) Plaintiff's Motion for Leave to Amend his Response in Opposition to Defendants' Motion for Summary Judgment (ECF No. 90); (2) Plaintiff's Objection to Magistrate Judge Kasubhai's Denial of Renewed Motion for Leave to File Supplemental Complaint (ECF No. 94); (3) Plaintiff's Objections to Magistrate Judge Kasubhai's February 5, 2024 Decision / Ruling denying Plaintiff's Motions to Strike, Compel and Extend Time (ECF No. 95); (4) Plaintiff's Motion for Reconsideration of Magistrate Judge Kasubhai's February 6, 2024 Opinion, Order, and Judgment (ECF No. 97); and (5) Plaintiff's Objection(s) to Magistrate Judge Kasubhai's February 6, 2024 Opinion, Order and Judgment (ECF No. 99). For the reasons below, Plaintiffs' motions are denied.

**PROCEDURAL BACKGROUND**

On February 6, 2024, the Court issued an Opinion and Order granting Defendants' Motion for Summary Judgment. ECF No. 88. The Court entered judgment in favor of Defendants on February 7, 2024. ECF No. 89. Following entry of judgment, Plaintiff filed the instant motions. After he filed these motions, Plaintiff filed a Notice of Appeal to the Ninth Circuit, noticing the appeal of the Court's Opinion and Order Granting Defendant's Motion for Summary Judgment and the resulting Judgment. ECF No. 100. Under Fed. R. App. P. 4(B)(i), "[i]f a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of [a timely-filed motion for relief under Rule 59(e) or 60]--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Here, because Plaintiff timely filed such motions before he

filed his notice of appeal, that notice is not yet effective. The Court therefore retains jurisdiction and must consider them.

**STANDARDS**

A district court may reconsider and amend a previous order under Fed. R. Civ. Pro. 59(e). A motion for reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kana Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted). Reconsideration is appropriate in only a narrow set of circumstances where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Likewise, a Court may grant relief from final judgment under Rule 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**DISCUSSION**

First, as an initial matter, the Court notes that several of Plaintiff's motions are styled as "objections" to a magistrate judge's order. However, both parties gave full consent to jurisdiction by a magistrate judge. ECF No. 38. The Court therefore construes these filings as motions for reconsideration under Rule 59(e) and/or relief from judgment under Rule 60 and addresses them as such below.

Second, with respect to Plaintiff's Motion for Leave to Amend his response in Opposition to Defendants' Motion for Summary Judgment, that motion was filed after the Court had already issued its Opinion and Order on the motion at issue. Accordingly, that motion is denied as moot.

Turning to the motions for reconsideration, the Court has carefully reviewed Plaintiff's briefing with respect to each order for which Plaintiff seeks reconsideration. The Court finds that Plaintiff has failed to identify any basis to reconsider any of the rulings at issue. In particular, applying the standards relevant to a Rule 59(e) motion, none of the motions for reconsideration direct the Court to any newly discovered evidence or intervening change in the law and do not explain how the Court committed clear error or how the decision is manifestly unjust. Plaintiff's motions also fail to identify a basis for relief under the factors identified in Rule 60. Rather, Plaintiff relies on the same evidence and arguments the Court already reviewed and considered when it issued its decisions. Plaintiff's own subjective interpretations of the facts and law do not provide a basis to grant the extraordinary relief he seeks.

The Court finds no reason to depart from the reasoning and conclusions in its Order Denying Renewed Motion for Leave to File Supplemental Complaint (ECF No. 87); its Order Denying Plaintiff's Motion to Strike, Motion to Compel, and Motion for Extension of Time to

File Response (ECF No. 82); or its Opinion and Order granting Defendants' Motion for Summary Judgment (ECF No. 88) and the resulting Judgment (ECF No. 89).

## CONCLUSION

For the reasons above:

- Plaintiff's Motion for Leave to Amend his Response in Opposition to Defendants' Motion for Summary Judgment (ECF No. 90) is DENIED AS MOOT.
- Plaintiff's Objection to Magistrate Judge Kasubhai's Denial of Renewed Motion for Leave to File Supplemental Complaint (ECF No. 94) is construed as a motion for reconsideration under Rule 59(e) and DENIED.
- Plaintiff's Objections to Magistrate Judge Kasubhai's February 5, 2024 Decision / Ruling denying Plaintiff's Motions to Strike, Compel and Extend Time (ECF No. 95) is construed as a motion for reconsideration under Rule 59(e) and DENIED.
- Plaintiff's Motion for Reconsideration of Magistrate Judge Kasubhai's February 6, 2024 Opinion, Order, and Judgment (ECF No. 97) is DENIED.
- Plaintiff's Objection(s) to Magistrate Judge Kasubhai's February 6, 2024 Opinion, Order and Judgment (ECF No. 99) is construed as a motion for reconsideration under Rule 59(e) and Rule 60 and DENIED.

IT IS SO ORDERED.

DATED this 21st day of March 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge